**Edgar P. GAUTREAUX, etc., et al.,
Appellants,**

v.

**Katherine KUMM and Mary J. Sweeney,
Appellees.**

**No. 22503.**

United States Court of Appeals
Ninth Circuit.

May 12, 1969.

Edward L. Lascher (argued), Ventura, Cal., Harris K. Lyle, Van Nuys, Cal., John E. Perry, Gallup, N. M., and Gerald F. Lofaso, Houma, La., of counsel, for appellants.

Eric A. Rose (argued), Long Beach, Cal., for appellees.

Before CHAMBERS, JERTBERG and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge:

Before us is an appeal from a judgment in an action of interpleader filed by the Travelers Insurance Company, ordering the distribution to appellants and appellees of the sum of $19,276.21, plus interest, said sum being the balance of the sum of $25,000.00 deposited by the insurance company, as stakeholder, into the registry of the court after payment of the sum of $5,723.79 to all intervening claimants of the fund other than appellants and appellees.

The litigation arose out of an automobile accident which occurred on a public highway near Gallup, New Mexico. One of the vehicles involved was a Falcon automobile covered by public liability insurance in the amount of $20,000 and property damage insurance in the amount of $5,000 issued by Travelers Insurance Company to appellee, Mary J. Sweeney, and being driven in a westerly direction by Ann Margaret Baumbach, and having as occupants, Katherine Kumm, owner of the automobile and sister-in-law of the driver, and Elva Baumbach, the mother of appellees. The Falcon car hit a slick patch on the highway, skidded into the eastbound traffic lane striking an eastbound automobile, causing the Falcon to turn over on its side and come to rest on the east lane of the highway, when it was struck by a Pontiac automobile owned and driven by appellant, Edgar P. Gautreaux, and containing as passengers his wife and two minor daughters.

As a result of the accident Ann Margaret Baumbach, Elva Baumbach, and Mrs. Gautreaux were killed, and Katherine Kumm, Mr. Gautreaux, and his two minor daughters sustained personal injuries.

The insurance company deposited said sum of $25,000 into the registry of the district court. Numerous claimants to the fund intervened in the interpleader action, seeking adjudication of their claims to the fund, including the parties to this appeal. The insurance company was absolved from further liability and discharged from the case. All of the intervening claimants to the fund have been dismissed from the case, either upon disclaimer or stipulation.

A pretrial conference was held and pretrial conference order made reciting that the sum of $19,276.21 remains in the registry of the court and permitting withdrawal of the funds from the registry to be deposited in the names of counsel for appellants and appellees, as Trustees, in several savings and loan associations pending the disposition of the action, and suspending all further proceedings in the United States District Court until the appellants and appellees have liquidated their respective claims by final judgments in the actions then pending in the courts of California and New Mexico, and dismissing the cross-complaints which had been filed in the interpleader action by them.

The claims were liquidated by final judgments. The California judgment is against Bettie J. Brown as Special Administratrix of the Estate of Ann Margaret Baumbach, deceased, in favor of Katherine Kumm for $25,000 for personal injuries, and in favor of appellees in

the amount of $10,000 for the wrongful death of their mother arising out of the automobile accident.

The New Mexico judgment is in favor of the appellants in the aggregate sum of $125,000 and against Katherine Kumm, owner of the automobile and sister-in-law of the driver, and Mary J. Sweeney as Administratrix of the Estate of Ann Margaret Baumbach, deceased.

Each judgment is predicated on the negligent manner in which Ann Margaret Baumbach, deceased, the daughter-in-law of Elva Baumbach, deceased, and sister-in-law of the appellees, drove and operated the Falcon automobile.

A hearing was held in the District Court on appellees' "Motion for Disposition of Funds on Deposit." Following the hearing findings of fact and conclusion of law [appellants' objections to which were overruled], and judgment were entered.

While references were made to the judgments above mentioned, the hearing consisted mainly of a series of arithmetic computations made by the district judge, and colloquies between court and counsel, primarily counsel for appellees, relating to the apportionment among the appellants and appellees of the funds remaining for distribution. No testimony was taken at the hearing, and no stipulation was made by appellants to the entry of the judgment.

In its findings of fact the court found that special damages had been sustained by each of the following, in the amounts stated:

| | |
|---|---|
| Katherine Kumm for medical expenses and loss of wages | $4,382.70 |
| Katherine Kumm and Mary J. Sweeney for burial expenses and funeral expenses of Elva Baumbach, deceased | 1,909.52 |
| Edgar Gautreaux, medical expenses | 328.40 |
| Shirley Gautreaux, a minor, medical expenses | 402.65 |
| Eloise Gautreaux, a minor, medical expenses | 371.45 |
| Edgar P. Gautreaux, funeral and burial expenses of Agnes Leonard Gautreaux, deceased | 2,388.15 |

In its conclusions of law the court concluded that the remainder of the funds on deposit, remaining after deducting the amount of special damages, should be distributed as follows: one-third of the balance shall be payable to Katherine Kumm as general damages for personal injuries sustained by her; one-third of the balance shall be payable to Edgar P. Gautreaux and his two minor daughters for personal injuries sustained by them, in the following proportions: one-fifth thereof to Edgar P. Gautreaux, two-fifths thereof to each of his minor daughters; one-third of the balance shall be payable one-half to the appellees for the wrongful death of their mother, and one-half thereof to Edgar P. Gautreaux, as Executor of the Estate of his wife, Agnes Leonard Gautreaux.

The judgment directed the distribution of the fund pursuant to the findings and conclusions above mentioned, as follows:

"To KATHERINE KUMM, the sum of $9,293.02; to MARY J. SWEENEY, the sum of $1,745.87; to EDGAR P. GAUTREAUX, the sum of $3,349.44; to EDGAR P. GAUTREAUX, as executor of the Estate of AGNES LEONARD GAUTREAUX, deceased, the sum of $1,582.22; to EDGAR P. GAUTREAUX, as guardian ad litem of SHIRLEY GAUTREAUX, a minor, the sum of $1,668.43; to EDGAR P. GAUTREAUX, as guardian ad litem of ELOISE GAUTREAUX, a minor, the sum of $1,637.23."

The judgment also directs distribution among the various parties of a small amount of interest which had accumu-

lated on the principal sum while on interest in various savings and loan associations.

The findings of fact made by the district court are completely inadequate to enable us to properly review the fairness of the judgment appealed from.

Where, as here, the aggregate judgments of several persons far exceed the fund from which those judgments may be satisfied, a determination must be made of the fairness of the amount distributed to each. To support such determination there must be findings, in such detail and exactness as the nature of the case permits, of subsidiary facts on which the ultimate conclusion of fairness can rationally be predicated. See Kelley v. Everglades Drainage District, 319 U.S. 415, at 420, 63 S.Ct. 1141, 87 L.Ed. 1485 (1943). See also Dalehite v. United States, 346 U.S. 15, 24 n. 8, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

Subsidiary facts, not in the findings, which are required in order for us to review the fairness of the judgment of distribution are suggested by the following questions:

Since neither the California judgment, nor the New Mexico judgment, makes any award for "Special Damages" why should the amounts thereof be included in the findings and conclusions, or given priority treatment in the judgment of distribution?

Why is the New Mexico judgment accorded less faith and credit than the California judgment?

Should the negligence of the driver of the Falcon automobile be imputed to the appellees, or either one of them, so as to bar them, or either one of them, from participation in the distribution of the fund?

The judgment is vacated and remanded to the District Court with the suggestion that the findings of fact and conclusions of law be vacated, and that further proceedings be taken consistent with the views expressed in this opinion.